IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM J. MORTON,

       Plaintiff,

vs.                                                                                       CIV 14-0388 KBM

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

       THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 14*), filed on November 26, 2014, and fully briefed March 16, 2015 (*Doc. 20).* Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *Doc. 6.* Having carefully reviewed the parties' submissions and the administrative record, the Court grants the motion and remands this case for further proceedings.

**I.**       **Background and Procedural History**

       Plaintiff is a 37-year-old man who lives with his wife and mother. AR 44.[1] He graduated from high school as a special education student. AR 37. He has history of working as a food server, a security guard, a temporary laborer, a janitorial engineer, a courtesy clerk and stock clerk in grocery stores, and as a greeter at a department store. AR 182, 235-37. Plaintiff often performed these occupations with a job coach. AR 38,

---

[1] Documents 11-1 through 11-9 comprise the sealed Administrative Record ("AR"). When citing the record, the Court cites the AR's internal pagination, rather than the CM/ECF document number and page.

39.

Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income in March of 2011, alleging disability beginning December 1, 2010, due to a learning disorder.  AR 153-66. His applications were denied at both the initial and reconsideration stages, and he requested a hearing before an administrative law judge (ALJ). AR 74-90, 97-104, 105-107. ALJ Ben Willner held a hearing on April 24, 2012, and issued his decision on November 13, 2012. AR 18-29, 31-72.

Using the five-step sequential evaluation process,[2] ALJ Willner found: at Step One, Plaintiff was not engaged in substantial gainful activity; at Step Two, Plaintiff had severe impairments, including an organic mental disorder and a learning disorder; at Step Three, these impairments, did not meet or medically equal the listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C. F. R.  416. 920(d)); at Step Four, Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some nonexertional limitations, and that he had no past relevant work. AR 23-24. At Step Five, ALJ Willner determined that in accordance with the Medical-Vocational Guidelines (also known as the "Grids") "there are jobs that exist in

---

[2] Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520. Step One requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step Two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. § 404.1520(C). If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If the claimant does not meet a listing, the evaluation proceeds to Step Four, where the claimant must establish that she does not retain the residual functional capacity ("RFC") to perform her past relevant work. If the claimant's Step-Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account her age, education, work experience, and RFC, can perform. *Dikeman v. Halter*, 245 F.3d 1182, 1183 (10th Cir. 2001). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. 20 C.F.R. § 404.1520.

significant numbers in the national economy that the claimant can perform." AR 25. Accordingly, he concluded Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* Plaintiff's request that the Appeals Council review the unfavorable decision was denied, leaving the ALJ's decision as the final decision of the Commissioner. AR 1-4.

## II.   The Claims

Plaintiff asserts that: (1) the ALJ's RFC determination is incomplete, conclusory, and unsupported by substantial evidence; (2) the ALJ's credibility findings were improper; and (3) the ALJ improperly found Plaintiff meets Grid rule 204 without obtaining testimony from a vocational expert. *Doc. 17*.

## III.  Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision was supported by substantial evidence; and second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."

*Id.* (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) and *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988)) (brackets in original).

## IV.   Discussion

Plaintiff contends that ALJ Willner's RFC determination is not supported by substantial evidence. There are three phases of evaluation that an ALJ must complete at Step Four: first, the ALJ must determine a claimant's physical and mental RFC;

3

second, he must determine the physical and mental demands of the claimant's past relevant work; and, third, he must determine whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)). Plaintiff alleges the ALJ erred at phase one in determining his mental RFC, and the Court agrees.

ALJ Willner found that Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform work involving [the performance] of simple tasks and simple instructions, and he is able to maintain concentration, pace and persistence on such tasks for two hours at a time." AR 23. Plaintiff does not challenge the ALJ's findings with regard to his physical capacity but concentrates on the finding with regard to his mental limitations. Plaintiff alleges ALJ Willner's determination of his mental RFC was in error because he failed to include all of Plaintiff's limitations found in the examining physician's medical source opinion.

Examining physicians may offer an opinion with regard to the claimant's symptoms, diagnosis, and prognosis, as well as work-related physical and mental limitations. *Castellano v. Sec'y of Human Services*, 26 F.3d 1027, 1029 (10th Cir. 1994). The Commissioner will generally give greater weight to the opinion of an examining physician than to one who has not examined the claimant. 20 C.F.R. § 416.927(c)(1); 20 C.F.R. § 404.1527(c)(1). An ALJ must give specific, legitimate reasons for completely rejecting a medical source opinion, including those of examining physicians. *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004) (quoting *Watkins v. Barnhart*,

350 F.3d 1297, 1300 (10th Cir. 2003)); *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (citations omitted). Further, while an ALJ need not discuss every piece of evidence, he "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari* 248 F.3d 1235, 1239 (10th Cir. 2001).

Plaintiff argues that although ALJ Willner set forth the opinions of Dr. Padilla who performed a one-time examination of Plaintiff, he failed to provide "sufficient information regarding how he weighed Dr. Padilla's findings." *Doc. 14* at 8-9. Yet the Court is even more troubled that the ALJ's decision <u>inaccurately</u> recites Dr. Padilla's findings. Specifically, ALJ Willner states that Dr. Padilla found Plaintiff to have "***moderate*** limitations in [his] ability to work without supervision." AR 22 (emphasis added). This is clearly an incorrect statement of fact – Dr. Padilla expressly found that Mr. Morton is "***markedly*** limited"[3] in his ability to work without supervision. AR 249 (emphasis added).

This Court will not presume that ALJ Willner made a typographical error when drafting his decision, especially when he otherwise accurately set forth Dr. Padilla's findings. Instead, it appears that the ALJ misread the evidence provided in Dr. Padilla's medical source statement when formulating the Mr. Morton's RFC. Thus, this is not a case, as the Commissioner contends, that the ALJ rejected a claimed significant

---

[3] The regulations explain:

> Where we use "marked" as a standard for measuring the degree of limitation, it means more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00C.

limitation; rather, it appears that the ALJ misapprehended the extent of the limitation as found by an examining medical source.

Moreover, the fact that Dr. Padilla found Plaintiff to be "markedly" limited in his ability to work without supervision is of particular significance in this case. Both Plaintiff and his mother testified that he had a difficult time sustaining work activities unless he was constantly supervised or had a job coach to assist him. AR 39, 40, 46, 50, 55, 56, 57–59. It was imperative, therefore, that ALJ Willner accurately reflect the evidence before him in order to determine whether, and to what extent, Plaintiff had the residual functional capacity to perform tasks without supervision.

### V.     Conclusion

ALJ Willner misstated findings of a medical source in formulating Plaintiff's RFC; therefore, his analysis misapprehended the state of the record and the decision is not supported by substantial evidence. Because the Court remands on that basis, it will not address Plaintiff's remaining claims of error as "they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). That is especially true here, given Plaintiff's other arguments relating to both credibility findings and reliance on Grid rule 204 at Step Five.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (*Doc. 14*) is granted, and this matter is remanded for further proceedings.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent

6